# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ARROYOS,<br><br>Plaintiff,<br><br>v.<br><br>SALLY MORENO, et al.,<br><br>Defendants. | Case No. 1:19-cv-01576-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 1, 5)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Alfred Arroyos ("Plaintiff") is an incarcerated individual proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's complaint in this action was filed on November 5, 2019. (ECF No. 1.) On November 18, 2019, a screening order was filed finding that Plaintiff had failed to state a cognizable claim. (ECF No. 5.) Plaintiff was granted thirty days in which to file an amended complaint. (Id.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

In the caption page, Plaintiff names the Madera District Attorney, Madera Superior Court, and Madera County Adult Probation as defendants in this action, apparently referring to the entities as a whole. (Compl. 1, ECF No. 1.)[1] Plaintiff then names the following individual defendants in this action: (1) Sally Moreno, identified as the District Attorney for the County of Madera; (2) Mitchell Rigby, identified as a judge for the Madera County Superior Court; (3) Dale Blea, identified as a judge for the Madera County Superior Court; (4) Jose Pantoja,

---

[1] All references herein to pagination of electronically filed documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system. When quoting Plaintiff's filings, the Court may alter the capitalization as Plaintiff writes in all capital letters.

2

identified as a Deputy Chief Probation Officer at Madera County Adult Probation; (5) Cristen Aganza, identified as a probation officer at Madera County Adult Probation; and (6) Abel Perez, identified as a probation officer at Madera County Adult Probation. (Compl. 2-3.)

### A. Claim One for Illegal Sentence

Plaintiff complains he was subject to an illegal sentence pursuant to California Penal Code Section 3456(a)(3). (Compl. 4.) On July 26, 2019, he was arrested for violation of post-release community supervision and on August 13, 2019, he was sentenced to 180 days for failing to report in compliance with California Penal Code Section 3455(b)(1). (Id.) On September 17, 2019, Plaintiff's defense counsel petitioned the state court to recall the sentence for lack of jurisdiction. (Id.) Plaintiff states that according to the petition for revocation of community supervision in case no. MCR058346, Plaintiff was placed on supervision on November 28, 2016, and his first alleged violation occurred on January 10, 2018. (Id.) According to all previous revocation petitions, Plaintiff did not have any violations or other infractions before January 10, 2018, and thus argues each defendant lacked jurisdiction over his person. (Id.) Plaintiff also references a petition to revoke an illegal sentence filed in the state court action by his defense counsel. (Id.) Plaintiff states a petition was granted by Judge Dale Blea.[2] Plaintiff claims he was injured by false imprisonment, defamation of character, and suffered other collateral damages. (Id.) Plaintiff states he did not seek a request for administrative relief due to inadequacy of access to legal assistance. (Id.)

### B. Claim Two for False Imprisonment

On November 28, 2016, Plaintiff was released on community supervision, and states on December 28, 2017, he was supposed to have been discharged from supervision. (Compl. 5.) Plaintiff advised his first probation officer, Defendant Abel Perez, and his second probation officer, Cristen Aganza, that Plaintiff should have already been discharged due to thirteen (13)

---

[2] It is unclear to the Court whether Plaintiff is stating that Defendant Judge Dale Blea granted the petition to revoke community supervision and that is why he is pursuing claims against Dale Blea, or whether Plaintiff's "petition to recall illegal sentence" was granted by Judge Dale Blea, and thus a previous revocation of probation and sentence was declared invalid by the state court. If Plaintiff's sentence imposed on August 13, 2019, was in fact declared invalid, it is also unclear to the Court whether Plaintiff is still incarcerated pursuant to a different violation and/or sentence, and the complaint does not state whether he is still incarcerated under sentences which were not declared invalid in any state court proceeding.

3

1  months of good conduct. (Compl. 5, 10.) Plaintiff claims that both probation officers advised Plaintiff that he had to complete three (3) years of supervision because he was a high-risk offender, however, Plaintiff claims the nature of his previous conviction was not a violent offense and that was actually why he was on community supervision and not on parole. (Id.) Plaintiff states that all defendants and everyone within their institutions are responsible for violating his personal liberty and causing his confinement whether directly or indirectly, because all defendants had no jurisdiction over Plaintiff after December 28, 2017, when supervision should have been terminated. (Id.) Plaintiff states that the Madera Superior Court and the Madera District Attorney upheld each conviction after January 10, 2018, leading to confinement, and the Madera County Adult Probation held Plaintiff to terms and conditions under their jurisdiction when they had no right to do so. (Id.) As for injury, Plaintiff states that while confined in Madera County Jail, he was constantly harassed by the Madera Probation officers and the Madera Police Department, which endangered his well-being as well as the safety and security of his family members, and caused him loss of employment, and emotional damages. Plaintiff states he did not seek a request for administrative relief due to inadequacy of access to legal assistance. (Id.)

### C. Claim Three for Deliberate Indifference to Right to Justice

Plaintiff claims that each defendant, individually and in their official capacities, violated his constitutional and civil rights by imposing judgments that were defective for lack of jurisdiction. (Compl. 6.) Plaintiff states that the extreme negligence and deliberate indifference of the defendants caused the Plaintiff's harm and suffering. (Id.) Specifically, Plaintiff alleges that while in custody because of the supervised release violation, in the maximum-security module, Plaintiff was assaulted and brutally beaten while he showered by multiple inmates. (Id.) Plaintiff was dragged out of the shower and the inmates continued to beat him. (Id.) Plaintiff states that three of the inmates are currently being prosecuted for murder. (Id.) Plaintiff needed a staple to the top of his skull, had extreme swelling to the face and head, had black eyes, and injured lips. (Id.) Plaintiff also seems to allege defendants jeopardized the safety and security of himself and family, that he was harassed at work, and suffered loss of employment and wages

4

due to these forms of judicial abuse. (Id.) Plaintiff states he did not seek a request for administrative relief due to inadequacy of access to legal assistance. (Id.)

In an attached declaration, Plaintiff also avers to harassment by Madera County Probation officers, Madera County police officers, and states this was "especially" done by Madera Gang Task Force officers Gonzalez, and Ryan Vasquez, by utilizing supervised release terms and conditions. (Compl. 12-13.) Plaintiff does not name any of these officers in his complaint.

## III.

## DISCUSSION

The Court finds that Plaintiff has failed to state a cognizable claim in the action for the reasons stated herein. Given Plaintiff's *pro se* status, the Court shall outline the applicable legal standards and grant Plaintiff leave to file an amended complaint to address the deficiencies discussed below.

### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted). The pleadings of *pro se* prisoners are construed liberally and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

In this case, while Plaintiff has alleged some specific factual allegations, a number of

Plaintiff's allegations amount to no more than generalized conclusions that Defendants violated his rights that are unsupported by any facts, and Plaintiff fails to plead any facts concerning actions of a number of named defendants. For example, Plaintiff's complaint only contains allegations as to three of the six individually named defendants in the body of the complaint, does not refer to any specific individual defendant in claim number three, and repeatedly makes general conclusory statements as to why each defendant has violated his rights without specifically describing how those defendants did so.

Where Plaintiff does make reference to specific individuals, the factual details are lacking. For example, Plaintiff's only reference to Defendant Judge Dale Blea states that he granted a petition in state court. (Compl. 4.)[3] Plaintiff's only other references to individual defendants in the body of the complaint concern Defendants Cristen Aganza and Abel Perez, Plaintiff's first and second probation officers. As to these defendants, Plaintiff only alleges that he informed them that he should no longer be on probation due to thirteen months of good conduct, that he had been classified incorrectly, and that these defendants disagreed, incorrectly stating he was a high-risk offender. (Compl. 5, 10.) These officers then appear to have been involved in petitions for revocation of probation based on violations during this time period.

Plaintiff's conclusory statements do not suffice to state a claim against Defendants Sally Moreno, Mitchell Rigby, Dale Blea, or Jose Pantoja. Further, while Plaintiff does provide some factual detail concerning what Defendants Cristen Aganza and Abel Perez did, there is not enough detail for the Court to reasonably infer that any conduct would constitute a constitutional violation or whether these defendants would be subject to immunity, as discussed below.

Further, as currently pled, Plaintiff's complaint does not contain enough factual content to "give the defendant[s] fair notice of what the claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. at 555. Since Plaintiff fails to identify which specific defendants are referred to when he repeatedly refers to "Defendants," Plaintiff's complaint fails to give fair

---

[3] As explained above, it is unclear precisely what petition Judge Dale Blea granted. Thus, on one hand, Plaintiff's only specific allegation against Defendant Dale Blea may be that he granted a petition in favor of Plaintiff in state court, or that Judge Blea revoked probation, an act which defendant would be granted absolute immunity for as explained below.

6

notice of all of the allegations and claims directed against each separately named defendant. Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against *each* defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)[.]" (italics added)); see also Van Dyke Ford, Inc. v. Ford Motor Co., 399 F. Supp. 277, 284 (D. Wis. 1975) ("Specific identification of the parties to the activities alleged by the plaintiffs is required . . . to enable the defendant to plead intelligently.").

For these reasons, Plaintiff's complaint fails to comply with Rule 8's pleading standard.

**B.  Linkage Under Section 1983**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

In addition, under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

7

Here, although Plaintiff names Sally Moreno, Mitchell Rigby, and Jose Pantoja as defendants, it appears that Plaintiff is seeking to hold these individuals liable due to their supervisory status. Plaintiff fails to describe any action of these defendants in the body of the complaint and thus did not link any of these individuals to an affirmative act or omission giving rise to any alleged constitutional violations. Plaintiff's only specific allegation against Defendant Dale Blea is that he granted a petition in state court, possibly in favor of Plaintiff. Accordingly, Plaintiff fails to state a cognizable claim for relief against these individuals.

Further, Plaintiff makes general allegations against entities and unspecified defendants. In claim one, Plaintiff only generally refers to the Madera District Attorney, Madera Superior Court, and Madera County Adult Probation as being named in a petition before the state court arguing these entities lacked jurisdiction. (Compl. 4.) Plaintiff then states "each defendant" lacked jurisdiction over his person. (Id.) In claim two, while specifically referencing his probation officers, Plaintiff then generally states that "all defendants and everyone which falls within their structures, branches, or institutions chain of command are responsible for violating [Plaintiff's] personal liberty, restraint causing confinement whether the act was directly or indirectly." (Id.) Plaintiff generally states all defendants lacked jurisdiction over him after December 28, 2017. (Id.) Plaintiff then generally states that the Madera Superior Court and Madera District Attorney upheld each conviction leading to confinement, and that Madera County Adult Supervision held him to specific conditions without right to do so. (Id.) As for claim three, Plaintiff does not specifically identify any of the named individual defendants and instead generally states that each defendant individually and in their official capacity violated his rights by punishing him without jurisdiction. (Compl. 5.) Plaintiff also states that the entity defendants, Madera County Superior Court, Madera County District Attorney, and Madera County Adult Probation, are liable for his injuries due to their extreme negligence. (Id.)

Finally, in an attached declaration, Plaintiff also avers to harassment by Madera County Probation and police officers, and states this was "especially" done by Madera Gang Task Force officers Gonzalez, and Ryan Vasquez, by utilizing supervised release terms and conditions. (Compl. 12-13.) However, Plaintiff did not name these individual officers as defendants in this

action, and does not put forth specific facts concerning the alleged harassment. Additionally, while Plaintiff states he was assaulted by inmates while incarcerated, Plaintiff has not named any prison officials as defendants in this action nor alleged any facts pertaining to the actions of any prison officials.

### C. Official Capacity Claims

Plaintiff asserts that he is suing defendants in both their individual and official capacities. Plaintiff seeks monetary damages, injunctive relief, and declaratory relief. (Compl. 7-8.)

"Suits against state officials in their official capacity . . . should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); see also Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. at 166.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, Plaintiff's claim for monetary damages against all of the named individual state defendants in their official capacity is barred by the Eleventh Amendment.

However, a claim for prospective injunctive relief against a state official in his or her official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. Will v. Michigan Dep't of State Police, 491 U.S. 58, 92 (1989). Moreover, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013); see Rouser v. White, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity). Instead, Plaintiff need only identify the law or policy challenged as a

constitutional violation and name the official or officials within the entity who is or are alleged to have a "fairly direct" connection with the enforcement of that policy, see Ex Parte Young, 209 U.S. 123, 157 (1908), and can appropriately respond to injunctive relief. Hartmann, 707 F.3d at 1127 (citation omitted); see also Pouncil v. Tilton, 704 F.3d 568, 576 (9th Cir. 2012). Therefore, officials may be held liable if " 'policy or custom' . . . played a part in the violation of federal law." McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986) (quoting Kentucky, 473 U.S. at 166). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989); see also Waggy v. Spokane Cnty. Washington, 594 F.3d 707, 713 (9th Cir. 2010); Long, 442 F.3d at 1185.

Plaintiff's complaint is devoid of allegations that any alleged deprivation was caused by a specifically identified law, policy or custom. Plaintiff seeks preliminary and permanent injunctions ordering the Madera Superior Court, Madera District Attorney, and Madera County Adult Supervision, individually and in their official capacities to "cease their abusement [sic] and misused authority within the penal code system." (Compl. 7-8.) Plaintiff has failed to specifically identify the policy or custom that he alleges was the cause of the constitutional violation and does not allege sufficient facts to link one or all of the Defendants to the policy or custom that violated his federal rights. Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403-404 (1997).

**D. Immunity**

Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and prosecutors are generally

immune unless acting without "authority") (internal citations omitted); <u>Walters v. Mason</u>, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); <u>Forte v. Merced Cty.</u>, No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), <u>report and recommendation adopted</u>, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." <u>Ashelman</u>, 793 F.2d at 1076 (quoting <u>Imbler</u>, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a case. <u>See</u> <u>Demery v. Kupperman</u>, 735 F.2d 1139, 1144 (9th Cir. 1984).

Thus, to the extent Plaintiff is seeking relief against District Attorney Sally Moreno, Judge Mitchell Rigby, or Judge Dale Blea, for actions taken in an official capacity, such claims would be barred. While Plaintiff makes a conclusory statement that each defendant lacked jurisdiction over his person (Compl. 4), Plaintiff appears to only be arguing that the defendants lacked jurisdiction over him because he disagrees with the probation officers' position that he was to remain on supervised release past a thirteen-month period. Plaintiff has not put forth any facts demonstrating that the district attorney or the judges named as defendants lacked jurisdiction over Plaintiff relating to probation and sentencing, that these acts were not judicial in nature, or that these defendants were otherwise acting without authority.

Whether immunity is applicable to the probation officer defendants is less clear based on the face of the complaint. Plaintiff alleges that he informed the officers that he should no longer be on probation due to thirteen months of good conduct, that he had been classified incorrectly, and that these defendants disagreed, incorrectly stating he was a high-risk offender. (Compl. 5, 10.) These defendants then appear to have been involved in petitions for revocation of probation following this disagreement.

Probation officers are afforded absolute immunity from damage actions under Section 1983 for claims relating to their preparation of reports for state court judges. <u>Demoran v. Witt</u>, 781 F.2d 155, 158 (9th Cir. 1985). This specific immunity is grounded in the principle that

absolute immunity is extended "to officers whose functions bear a close association to the judicial process . . . [i]n other words, parties who otherwise enjoy limited immunity enjoy absolute 'quasi-judicial' immunity when their conduct relates to a core judicial function." The extension of such immunity is supported where there are procedural safeguards for the defendant. See id. (in holding immunity applies to probation officers submitting presentencing reports, noting "a plethora of procedural safeguards surround the filing of a presentencing report," as the report is reviewed by the sentencing judge, is made available to the defendant and counsel at least nine days prior to the hearing, the report becomes part of the record, and the length of the sentence is reviewable on appeal and by writ of habeas corpus.). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." Id.; see also Puentes v. Cty. of San Mateo, No. C 11-02511 SI, 2011 WL 4005383, at *3 (N.D. Cal. Sept. 8, 2011) ("The Ninth Circuit has held that probation officers are immune from liability for damages under 28 U.S.C. § 1983, when acting within the scope of their employment."), aff'd, 481 F. App'x 348 (9th Cir. 2012).

On the other hand, depending on the specific procedures governing the probation officers and what specific actions they took in relation to possible probation revocation petitions, absolute immunity may not be applicable. See Swift v. California, 384 F.3d 1184, 1192–93 (9th Cir. 2004) ("Like parole officers under the New York regulations, parole officers under the California regulations must report parole violations, while the BPT is given the discretion to initiate the revocation proceedings . . . Swift alleges that [parole officers requested an] order for a revocation hearing based upon falsified and suppressed evidence . . . this statement parallels the regulations and suggests [the officers] performed a non-discretionary function, while another official made the discretionary prosecutorial decision to issue the order for a revocation hearing . . . [the officer's] actions requesting that the BPT initiate revocation proceedings, were more akin to a police officer seeking an arrest warrant, than to a prosecutor exercising quasi-judicial discretion to initiate criminal proceedings [and thus] are not entitled to absolute immunity for recommending that the BPT initiate revocation proceedings."); Hernandez v. City of Oakley, No. C-11-02415 JCS, 2012 WL 5411781, at *17 (N.D. Cal. Nov. 6, 2012) (declining to extend

immunity to probation officers as defendants presented no evidence distinguishing circumstances from Swift); Gay v. Parsons, No. 16-CV-05998-CRB, 2019 WL 3387954, at *5 (N.D. Cal. July 26, 2019) (applying holding in Swift to parole officer who submitted investigative reports to parole board and requested an order for a parole revocation hearing to find immunity inapplicable); but see Villalobos v. Dickson, 406 F.2d 835 (9th Cir. 1969) ("we conclude that the defendants [members of the California authority responsible for supervising individuals released on parole] in this action are immune from plaintiff's claim for damages arising from the revocation of his parole."); Woods v. Arizona, Maricopa Cty., No. CV 06-02054 PHX EMA, 2006 WL 8440661, at *3–5 (D. Ariz. Dec. 20, 2006) (discussing Swift and factors enunciated in Demoran, and granting absolute immunity to probation officer who initiated and testified at probation revocation hearing as the judge made the ultimate decision to revoke probation after an adversarial process during which claimant was represented by counsel and allowed to present evidence, and the state appellate process was available to correct any unconstitutional conduct.)

Although not clear from the complaint, Plaintiff appears to claim that Defendant Judge Dale Bea was presented with and granted Plaintiff's "petition to recall illegal sentence," possibly based on an improper retention of community supervision beyond a thirteen-month period. (Compl. 4.) If that is the case, the fact that Plaintiff was provided a remedy through an adversarial process, with representation from counsel and with judicial supervision, weighs toward application of immunity to the probation officers for their actions, whether the probation officers were mistaken or even intentionally fraudulent in their actions. Demoran, 781 F.2d at 158 (immunity extended despite allegation that probation officer prepared a probation report containing deliberately false statements with malice and bad faith); Puentes, 2011 WL 4005383, at *3; Woods, 2006 WL 8440661, at *3–5. For these reasons, the Court finds that Plaintiff has failed to state a claim under section 1983 based upon his allegations that actions were taken during his probation without jurisdiction.

**E.      Habeas Corpus**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. §

1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997).

In Heck, the Supreme Court held that in order to recover damages for alleged "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

As applicable to the facts of this case, the validity of a revocation of probation or a challenge to a fact or duration of probation may be barred by Heck. Baskett v. Papini, 245 F. App'x 677, 678 (9th Cir. 2007) ("The district court properly dismissed Baskett's section 1983 action as Heck-barred because his allegations necessarily call into question the validity of the

14

probation revocation, and Baskett failed to allege that his sentence has been invalidated.")[4]; Farhat v. California Dep't of Justice, No. 18-06233 BLF (PR), 2019 WL 359415, at *2 (N.D. Cal. Jan. 28, 2019) ("Heck may apply to proceedings that call into question the fact or duration of parole or probation."); Stevens v. Martinez, No. CIVS072591JAMDADP, 2008 WL 4861247, at *2 (E.D. Cal. Nov. 6, 2008) ("Plaintiff is advised that he may not bring a claim pursuant to 42 U.S.C. § 1983 arising out of alleged unconstitutional activities that resulted in his probation revocation unless the revocation has been set aside."), report and recommendation adopted, No. CIV S-07-2591JAMDADP, 2009 WL 125718 (E.D. Cal. Jan. 14, 2009); Voiles v. St. John, No. CIV 10-0948, 2010 WL 2628717, at *2 (S.D. Cal. June 24, 2010) ("These claims amount to an attack on the constitutional validity of Plaintiff's probation revocation, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that his criminal conviction has already been invalidated.")

It is unclear to the Court whether Plaintiff is stating that Defendant Judge Dale Blea granted a petition to revoke community supervision and that is why he is pursuing claims against Dale Blea, or whether Plaintiff's "petition to recall illegal sentence" was granted by Judge Dale Blea, and thus all or part of his sentence has been declared invalid by a state tribunal. (Compl. 4.) If the latter, Plaintiff has not clearly explained which part of his sentence was declared invalid, if any, or clearly stated whether the petition was granted for a reason related to a mistake or fraudulent action by the probation officers.

If Plaintiff has not had a sentence declared invalid, or if Plaintiff is challenging any part of his probation or any sentence that has not been declared invalid, the proper avenue to seek relief is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Accordingly, to the extent Plaintiff wishes to challenge the fact or duration of his probation or confinement which has not been declared invalid by the state court, he must file a habeas corpus petition.

**F.    Abstention**

Under principles of comity and federalism, a federal court should not interfere with

---

[4] Although it is unpublished and therefore not precedent, this opinion is citable under Federal Rule of Appellate Procedure 32.1. Ninth Cir. Rule 36-3.

ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971). <u>Younger</u> abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. <u>Middlesex County Ethics Comm. V. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982); <u>Dubinka v. Judges of the Superior Court</u>, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of <u>Younger</u> applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. <u>Dubinka</u>, 23 F.3d at 223. This Court will not interfere in any on-going criminal proceedings currently pending against Plaintiff in state court. To the extent that Plaintiff's criminal proceedings are ongoing, whether on appeal or whether there are further proceedings concerning Plaintiff's probation revocation or challenges to such, such ongoing proceedings would bar the Court from granting any declaratory or injunctive relief.

### G. Injunctive Relief

A preliminary injunction is an extraordinary remedy never awarded as of right. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 9 (2008) (citation and quotation marks omitted). For each form of relief sought in federal court, Plaintiff must establish standing. <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 493 (2009) (citation omitted); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. <u>Summers</u>, 555 U.S. at 493 (quotation marks and citation omitted); <u>Mayfield</u>, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief

16

unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff seeks a preliminary and permanent injunction ordering the Madera Superior Court, Madera District Attorney, and Madera County Adult Supervision, individually and in their official capacities to "cease their abusement [sic] and misused authority within the penal code system." (Compl. 7-8.) It is unclear to the Court what specific relief Plaintiff seeks in his request for preliminary and permanent injunctions. Plaintiff has not shown that he is under threat of suffering an injury in fact that is concrete and particularized. Summers, 555 U.S. at 493. Rather, Plaintiff appears to be seeking injunctive relief that seeks to broadly and generally cease general abuse and misuse of authority, without requesting specific relief to prevent injury that is concrete and particularized. Plaintiff has failed to allege facts to state a claim that he is entitled to injunctive relief

### H. Plaintiff's Complaint Should be Dismissed for Failure to State A Claim

For the reasons discussed above, Plaintiff has failed to state a cognizable claim for relief in the November 5, 2019 complaint. Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim.

### I. Dismissal of Action for Failure to Amend and Failure to Prosecute

Here, the Court screened Plaintiff's complaint, and on November 18, 2019, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 5.) Plaintiff did not file an amended complaint or otherwise respond to the Court's November 18, 2019 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of November 18, 2019 and has not done so. Accordingly, the operative pleading is the November 5, 2019 complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

rebuttable presumption of prejudice to the defendants in this action. <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 F.2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424. The Court's November 18, 2019 order requiring Plaintiff to file an amended complaint expressly stated: "<u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the District Judge that this action be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim.</u>" (ECF No. 5 at 20 (emphasis in original).) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## IV.

## CONCLUSION AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file an amended complaint. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the November 18, 2019 order, and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This findings and recommendations is submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 23, 2019**

UNITED STATES MAGISTRATE JUDGE