# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ARROYOS,<br><br>    Plaintiff,<br><br>  v.<br><br>SALLY D. MORENO, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01576-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH COURT ORDER, AND FAILURE TO PROVIDE CURRENT ADDRESS<br><br>(ECF Nos. 5, 6)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## BACKGROUND

On November 5, 2019, Plaintiff Alfred Arroyos ("Plaintiff"), appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On November 18, 2019, the Court issued a screening order finding Plaintiff's complaint failed to state a cognizable claim, and granted Plaintiff leave to file an amended complaint. (ECF No. 5.) The order was served on Plaintiff by mail. Plaintiff failed to file an amended complaint. On December 23, 2019, the Court issued a findings and recommendations recommending dismissing the action for failure to state a claim and failure to comply with an order of the Court. (ECF No.

6.)  The findings and recommendations were served via mail and on January 7, 2020, the mail was returned as undeliverable because Plaintiff is no longer in custody.

**II.**

**LEGAL STANDARD**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  L.R. 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss a case for failure to comply with a court order, district courts are to weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Id.

**III.**

**DISCUSSION**

**A.     Plaintiff's Failure to Comply with Court Orders and the Local Rules**

In this instance, the Court finds that dismissal of this action is warranted on two separate grounds.  First, on November 18, 2019, Plaintiff was ordered to file an amended within thirty days of service.  (ECF No. 5.)  There is no indication that this order was not successfully delivered to Plaintiff while he was in custody.  More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

Second, the findings and recommendations recommending dismissing this action were served on Plaintiff on December 23, 2019, and were returned as undeliverable on January 7, 2020, with the notice of return indicating that Plaintiff is no longer in custody.  (ECF No. 6.)  Although Plaintiff's mail has been returned as undeliverable, Rule 182(f) provides that:

> Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the

attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.

L.R. 182(f).  Therefore, service of the order on the current address of record is fully effective and Plaintiff's failure to comply with the order is grounds for dismissal of this action.

Second, pursuant to Local Rule 183(b), a party appearing *in propria persona* is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b).  In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.  The Court is unable to contact Plaintiff and there are no other reasonable alternatives available to address Plaintiff's failure to comply with the Local Rule.  Therefore, this action should be dismissed for failure to prosecute.

**B.      The Factors Weigh in Favor of Dismissal**

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine

(PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint within thirty days of November 18, 2019.  (ECF No. 5.)  Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order.

Further, pursuant to the Local Rules Plaintiff was required to keep the Court updated with his most recent address.  It has been more than sixty-three days since the findings and recommendations recommending dismissing this action (ECF No. 6) were returned as undeliverable due to no longer being in custody and Plaintiff has not provided the Clerk with an updated address.[1]  Therefore, there is no current address at which to contact Plaintiff.  Plaintiff's failure to comply with the orders of the Court and the Local Rules hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay.  In re Eisen, 31 F.3d at 1453.  The delay in this action is solely attributable to Plaintiff's failure to comply with the Local Rule requiring that he keep the Court updated with his current address and the failure to file an amended complaint.  Further, this action was previously dismissed for Plaintiff's failure to keep the Court advised.  The record demonstrates that Plaintiff does not intend to diligently prosecute this action and the risk of prejudice to the Defendants also weighs heavily in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue and the Local Rules.  This action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

---

[1]  Additionally, the Court's standing order in light of judicial emergency served via mail on Plaintiff on February 4, 2020, was similarly returned as undeliverable because Plaintiff is no longer in custody.  (ECF No. 7.)  However, sixty-three days have not passed since this document was returned undeliverable.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The November 18, 2019 screening order warned Plaintiff that a failure to file an amended complaint would result in a recommendation that this action be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim.  (ECF No. 5 at 20.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

# IV.

## CONCLUSION AND RECOMMENDATION

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available. See Carey, 856 F.2d at 1441.

Further, Plaintiff has failed to comply with the Court's order to file an amended complaint. Local Rule 110 provides for sanctions for the failure to comply.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply with orders of the court, failure to prosecute, and failure to provide an updated address.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __March 13, 2020__

_____
UNITED STATES MAGISTRATE JUDGE